**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**STEVEN D. BURDICK,**

        **Plaintiff,**

 vs.             **5:15-cv-00353
                 (MAD/TWD)**

**OSWEGO COUNTY, NY; and
TOWN OF SCHROEPPEL, NY,**

        **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**STEVEN D. BURDICK**
4102 State Route 3
Fulton, New York 13069
Plaintiff, *pro se*

**OFFICE OF FRANK W. MILLER**    **FRANK W. MILLER, ESQ.**
6575 Kirkville Road          **BRYAN N. GEORGIADY, ESQ.**
East Syracuse, New York 13057
Attorneys for Defendant Oswego County

**BARTH, SULLIVAN LAW FIRM**    **DAVID H. WALSH, IV, ESQ.**
224 Harrison Street
Syracuse, New York 13202
Attorneys for Defendant Town of Schroeppel

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Steven D. Burdick ("Plaintiff") commenced this action against Defendants Oswego County and Town of Schroeppel ("Defendants") asserting several claims arising from a jury trial in the Town of West Monroe Justice Court on August 27, 2011. Dkt. No. 1 at ¶ 22. Plaintiff's complaint alleges discrimination, retaliation, disparate treatment, abuse of process, and malicious prosecution pursuant to 42 U.S.C. § 1983. *Id.* at ¶¶ 28-42. Plaintiff seeks compensatory and

punitive damages for the injury and harm caused by Defendants, totaling $6,000,000, as well as interest, attorney's fees, and injunctive and declaratory relief. *See id.* at 13-14.

Currently pending before the Court is Defendants' motion to dismiss pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 6-1, 10-4, 15-1, 18-1. Plaintiff filed an untimely opposition to Defendants' motion under Rules 12(b)(2) and 12(b)(5). Dkt. No. 20. Plaintiff did not respond to Defendants' other grounds for dismissal. *See* Dkt. No. 22.

## II. BACKGROUND

On August 27, 2011 Plaintiff was found not guilty on the charge of Endangering the Welfare of a Child and was convicted on the charge of Obstruction of Government Administration in a jury trial in the Town of West Monroe Justice Court, case #10030003 ("2011 Criminal Case"). Dkt. No. 1 at ¶ 22. Plaintiff alleges that Town Justice Nazarain and Defense Counsel Salvatore Lanza acted "both separately, and in concert with one another . . . to effectively deprive [Plaintiff] of his Right to Due Process. . ." by committing "numerous procedural errors." *Id.* at ¶¶ 16, 18, 22. Plaintiff appealed and on March 3, 2014 the appellate court reversed and remanded for retrial. *Id.* at ¶ 22. The Town of West Monroe Justice Court and, subsequently, the Town of Constantia Justice Court recused itself from the retrial. *Id.* In March 2015, the retrial was transferred to the Town of Schroeppel Justice Court with Town Justice Nazarain presiding. *Id.* No date has been set for the retrial of Plaintiff's 2011 Criminal Case and Justice Nazarain has refused Plaintiff's request to recuse himself from presiding over the retrial. *Id.*

During the pendency of Plaintiff's appeal and retrial of his 2011 Criminal Case, Justice Nazarain presided over a different criminal case on November 21, 2013, in which Plaintiff was found not guilty of Endangering the Welfare of a Child and was convicted on the charges of

2

Resisting Arrest and Cruelty to Animals, case #11100015 ("2013 Criminal Case").  *Id.*  The appeal of Plaintiff's 2013 Criminal Case is currently pending with Oswego County Court.  *Id.*

Plaintiff commenced a previous civil rights action in the U.S. District Court for the Northern District of New York pursuant to 42 U.S.C. § 1983 against Oswego County, the Oswego County Sheriff's Department, Sheriff Ruell Todd, and Deputy James F. Darling on November 20, 2012, case #5:12-cv-01711 ("2012 Civil Action").  Dkt. No. 15-1 at 5-6.  Plaintiff's 2012 Civil Action was based upon an allegedly improper arrest following a New York State vehicle checkpoint, which was the basis for his 2011 Criminal Case.  *Id.* at 6.  Plaintiff's 2012 Civil Action asserts several civil rights claims arising from the traffic stop, and includes malicious prosecution and abuse of process claims surrounding the subsequent 2011 Criminal Case.  *Id.*  All claims from the 2012 Civil Action have been dismissed except for the abuse of process and malicious prosecution claims against Oswego County, Sheriff Ruell Todd, and Deputy Sheriff J. Darling arising from the 2011 Criminal Case.  *Id.*; *Burdick v. Oswego County*, 5:12-cv-01711, Dkt. No. 27 at 28 (N.D.N.Y.).  The 2012 Civil Action is currently stayed pending the retrial of the 2011 Criminal Case.  *See* Dkt. No. 15-1 at 3.

### III. DISCUSSION

Defendants each filed independent motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2), insufficient service of process under Rule 12(b)(5), and for failure to state a claim under Rule 12(b)(6).  *See* Dkt. Nos. 6-1, 10-4, 15-1, 18-1.

**A.    Standard of Review**[1]

---

[1] As Defendants have brought motions to dismiss under Rules 12(b)(2), 12(b)(5), and 12(b)(6), the Court must first address the arguments concerning jurisdictional and service deficiencies under Rules 12(b)(2) and 12(b)(5), to the extent they are alleged by each Defendant,

*1. Lack of Personal Jurisdiction*

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, a plaintiff may survive a Rule 12(b)(2) motion to dismiss by pleading in good faith legally sufficient allegations of jurisdiction. *See id.* (citing *Ball v. Metallurgie Hoboken-Overpelt*, 902 F.2d 194, 197 (2d Cir. 1990)); *see also* Fed. R. Civ. P. 11. That is, where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a *prima facie* showing of personal jurisdiction over a defendant. *See Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir. 1986) (citation omitted); *see also Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

"A *prima facie* showing of jurisdiction 'does not mean that plaintiff must show only some evidence of jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.'" *Tamam v. Framsabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (quotation omitted). Pleadings that assert only "conclusory non-fact-specific jurisdictional allegations" or state a "legal conclusion couched as a factual allegation" do not meet this burden. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998) (quotation omitted). While a court is to assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction, *see Ball*, 902 F.2d at 197, it should "not draw 'argumentative inferences' in the plaintiff's favor," *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507

---

before addressing arguments as to the merits of Plaintiff's claims.

(2d Cir. 1994) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)).

### *2. Insufficient Service of Process*

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). Rule 4 of the Federal Rules of Civil Procedure states that "[a] summons must be served with a copy of the complaint" by "[a]ny person who is at least 18 years old and not a party[.]" FED. R. CIV. P. 4(c). Service of process must be completed within 120 days after the complaint is filed. *Id.* at 4(m). The purpose of the service requirements is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Durant v. Traditional Invs., Ltd.*, No. 88 CIV. 9048, 1990 WL 33611, *3 (S.D.N.Y. Mar. 22, 1990) ("[W]hen a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service").

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may assert insufficiency of process by motion. "The burden is on the plaintiff to establish that his service was not insufficient. If the court determines that it was insufficient, the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency." *Sajimi v. City of New York*, No. 07–CV–3252, 2011 WL 135004, *3 (E.D.N.Y. Jan. 13, 2011) (internal citations omitted).

### *3. Failure to State a Claim*

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). Moreover, "a complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense 'if the defense appears on the face of the complaint.'" *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability

6

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

However, in reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 303 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.** **Insufficient Service of Process and Lack of Personal Jurisdiction Arguments**

*1. Defendant Town of Schroeppel*

Defendant Town of Schroeppel (the "Town") contends that the process served upon it was insufficient because it contained a copy of the complaint but lacked a summons. *See* Dkt. No. 10-4. Further, the Town argues that the Court lacks personal jurisdiction due to the improper service of process. *Id.* at 4.

According to the Town, Richard Norris personally served Deputy Town Clerk of Town of Schroeppel Deborah Humiston on April 2, 2015 with a complaint for the instant action, but did

7

not deliver a summons with that service. *See* Dkt. No. 10-4 at 4; Dkt. No. 10-2. This service, alone, would be insufficient pursuant to Rule 4. *See* FED. R. CIV. P. 4(c)(1). However, Mr. Norris returned on April 21, 2015 and personally served Town of Schroeppel Deputy Town Clerk Darlene M. Owens with a copy of the complaint and a summons. *See* Dkt. No. 21 at ¶ 4; Dkt. No. 21-1 at ¶ 2.[2] This service on April 21, 2015 and filing of process server Richard Norris' affidavit on April 22, 2015 constituted valid service within 120 days from Plaintiff's filing the complaint on March 25, 2015. *See* FED. R. CIV. P. 4(l), (m); Dkt. No. 21-1 at 3. Therefore, Defendant Town of Schroeppel's motion to dismiss for insufficient service of process and lack of personal jurisdiction is denied.

### *2. Defendant Oswego County*

Defendant Oswego County (the "County") moves to dismiss due to improper service of process because Plaintiff, himself, served the County and because the process served contained the complaint but lacked a summons. Dkt. No. 6-1 at 4-7. Further, the County contends that the Court lacks personal jurisdiction due to the insufficient service of process. *Id.* at 5.

Plaintiff attempted to serve the County on April 2, 2015 by personally delivering a copy of his complaint to Deputy Clerk Georgiana Mansfield in the Oswego County Clerk's Office. Dkt. No. 6-2 at ¶¶ 1-2; *see also* Dkt. No. 6-1 at 6. Significantly, Plaintiff was the individual who served the complaint on the Deputy Clerk, which was not accompanied by a summons. Dkt. No. 6-2 at ¶¶ 2-5. Rule 4 of the Federal Rules of Civil Procedure states that "[a] summons must be served with a copy of the complaint" by "[a]ny person who is at least 18 years old and not a

---

[2] Plaintiff's response to Defendants' motion to dismiss was filed on May 20, 2015, two days after the deadline for such response. Regardless, the Court will consider Plaintiff's response given his *pro se* status and lack of prejudice to Defendants as they were afforded actual notice.

8

party[.]" FED. R. CIV. P. 4(c). Thus, Plaintiff's initial service of process on the County was improper. However, Richard Norris personally served Oswego County Deputy Clerk Georgiana Mansfield with a copy of the complaint and a summons on April 21, 2015. *See* Dkt. No. 12-1. This service on April 21, 2015 and filing of process server Richard Norris' proof of service on April 22, 2015 constituted valid service within 120 days from Plaintiff's filing the complaint on March 25, 2015. *See* FED. R. CIV. P. 4(l), (m); Dkt. No. 21-1 at 3. Therefore, Defendant Town of Schroeppel's motion to dismiss for insufficient service of process and lack of personal jurisdiction is denied.

**B.     Rule 12(b)(6) Failure to State a Claim**

The allegations in Plaintiff's complaint can be grouped into three general categories: (A) that Defendants are responsible for the actions of their employees and agents as a result of widespread unconstitutional and unlawful customs, policies, and practices; (B) the individuals involved in Plaintiff's previous criminal cases committed several procedural and ethical violations; and (C) Defendant Oswego County continues a course of abuse of process and malicious prosecution to defame, harass, and retaliate against Plaintiff.

   *1. Municipal Liability for Actions of its Employees*

"Although municipalities are within the ambit of section 1983, municipal liability does not attach for actions undertaken by city employees under a theory of *respondeat superior*." *Birdsall v. City of Hartford*, 249 F. Supp. 2d 163, 173 (D. Conn. 2003) (citing *Monell v. New York City Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978)). Despite the fact that *respondeat superior* liability does not lie, a municipal entity or employee sued in his or her official capacity can be held accountable for a constitutional violation which has occurred pursuant to "a policy

9

statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers . . . [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690-91. Such municipal liability can be established in a case such as this in several different ways, including through proof of an officially adopted rule or widespread, informal custom demonstrating "a deliberate government policy or failing to train or supervise its officers." *Bruker v. City of New York*, 337 F. Supp. 2d 539, 556 (S.D.N.Y. 2004) (quoting *Anthony v. City of New York*, 339 F.3d 129, 140 (2d Cir. 2003)). A plaintiff may also show that the allegedly unconstitutional action was "taken or caused by an official whose actions represent an official policy," or when municipal officers have acquiesced in or condoned a known policy, custom, or practice. *See Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000), *cert. denied sub nom.*, *County of Schenectady v. Jeffes*, 531 U.S. 813, 121 S. Ct. 47 (2000); *see also Wenger v. Canastota Cent. Sch. Dist.*, No. 5:95-CV-1081, 2004 WL 726007, *3 (N.D.N.Y. Apr. 5, 2004).

Plaintiff fails to plead a plausible connection between any of the alleged wrongdoing of the individuals mentioned in the complaint and the policies or practices of either Defendant. Plaintiff incorrectly pleads that the County and Town are responsible through *respondeat superior* for the Office of the Oswego County District Attorney and the actions of Justice Nazarain, respectively. Dkt. No. 1 at ¶ 11; *see Birdsall*, 249 F. Supp. 2d at 173 (citing *Monell*, 436 U.S. at 691). Plaintiff's complaint asserts several conclusory statements that Defendants were aware of and encouraged "unconstitutional and unlawful customs, policies, practices and conduct of its agents and its employees." Dkt. No. 1 at ¶ 10; *see also id.* at ¶¶ 23, 40, 13 ("Defendants were also aware, through their officers, employees, legislators, and agents, of the long-standing unlawful customs, policies, and practices of the Oswego County Judiciary and Town of

Schroeppel Justice court, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies, practices and conduct of the Office of Oswego County Court Judge Donald Todd"). Such conclusory allegations are not sufficient to withstand a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At no point does the complaint provide a specific explanation of what the allegedly "unlawful customs, policies, practices and conduct" actually are. *See generally* Dkt. No. 1. Further, the local justice courts and courts of the 5th Judicial District are supervised by the Deputy Chief Administrative Judge for the Courts outside New York City, rather than by the municipality in which they sit. *See Administrative Structure*, N.Y. STATE UNIFIED COURT SYS.*, http://www.nycourts.gov/admin/adminstructure.pdf* (last visited Oct. 9, 2015); *see also City, Town & Village Courts*, N.Y. STATE UNIFIED COURT SYS., *http://www.nycourts.gov/courts/townandvillage/officeofdcaj.shtml* (last visited Oct. 9, 2015) ("[The Deputy Chief Administrative Judge] is responsible for overseeing the day-to-day operations of the State-paid trial-level courts . . . [and also] the local Town and Village Courts.").

The Office of the Oswego County District Attorney and the District Attorney are representatives of the State of New York and not Oswego County. *See Ying Jin Gan v. City of New York*, 996 F.2d 522, 535-36 (2d Cir. 1993) (internal quotation and citations omitted) ("[I]n spite of the statutory classification a District Attorney is not an officer or employee of the municipality but is instead a quasi-judicial officer acting for the state in criminal matters"). As officials of New York State, the Oswego County District Attorney's Office and the District Attorney are entitled to Eleventh Amendment immunity. *See id.* at 536. Therefore, Defendants' motion to dismiss Plaintiff's claims that Defendants are responsible for the actions of the Oswego

County Judiciary, Town of Schroeppel Justice Court, Judge Donald Todd, Justice Nazarain, and the Oswego County District Attorney's office is granted.

### *2. Judicial Immunity*

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (citation omitted), *superseded by statute*, Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, *as recognized in Peters v. Noonan*, 871 F. Supp. 2d 218 (W.D.N.Y. 2012). The 1996 Congressional amendments to § 1983 further barred injunctive relief and provided that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996); *see also Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999). Therefore, a judge is immune from all forms of suit unless he has acted either beyond the judge's judicial capacity, or "in the complete absence of all jurisdiction." *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (citing *Mireles*, 502 U.S. at 11).

Plaintiff's complaint alleges that the specific actions of Town Justice Nazarain, Oswego County Court Judge Donald Todd, and defense attorney Salvatore Lanza violated Plaintiff's Due Process rights. Dkt. No. 1 at ¶¶ 13, 18, 19, 22, 40. The specific allegations against Justice Nazarain are that he committed "[n]umerous procedural errors[,]" *id.* at ¶ 16, "failed to excuse potential juror Steve Chapburn during *voir dire*," *id.* at ¶ 17, "ignored [Plaintiff's] pleas and

12

objections," *id.* at ¶ 19,[3] and refused to recuse himself from presiding over the retrial of Plaintiff's 2011 Criminal Case, *id.* at ¶ 22. The specific allegation against County Court Judge Donald Todd is that he "refused to recuse himself from hearing [Plaintiff's] appeal on [his 2013 Criminal Case]." *Id.* at ¶ 40. The specific allegations against defense attorney Salvatore Lanza are that he "failed to object to the trial court's failure to dismiss [a potential] juror 'with cause,'" *id.* at ¶ 17, and that he "refused to call any witnesses for the [Plaintiff,]" *id.* at ¶ 19.

Notwithstanding Plaintiff's inability to establish a plausible connection between Justice Nazarain and Judge Todd's actions and Defendants' policies or customs as discussed above, Justice Nazarain and Judge Todd's individual actions are subject to absolute judicial immunity. The allegations concerning Justice Nazarain's conduct while presiding over the 2013 Criminal Case are clearly within his judicial capacity and, thus, are immune from suit. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Moreover, judicial immunity applies to a judge's decision to recuse from presiding over a case if such recusal is not mandated.[4] *See Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 714 (S.D.N.Y. 2011) ("[A] judge's decision to recuse (or not to recuse) is also a judicial act"). Plaintiff's complaint is devoid of any allegation that defense attorney Salvatore Lanza had any connection to Defendants. Moreover, it is well settled that court appointed criminal defense attorneys are not subject to suit under 42 U.S.C. § 1983. *Sash v. Rosahn*, 450 Fed. Appx. 42, 43 (2d Cir. 2011). Therefore, the Court grants Defendants' motion to dismiss all claims arising from the actions of Justice Nazarain, Judge Todd, and Salvatore Lanza.

---

[3] The allegations of Justice Nazarain's misconduct all presumably arise from Plaintiff's 2013 Criminal Case, over which Justice Nazarain presided.

[4] Neither situation involving Judge Todd nor Justice Nazarain required either to recuse themselves. *See* N.Y. JUD. LAW § 14.

### *3. Repetitious Claims*

"[A] district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)). In exercising its discretion whether to dismiss a duplicative claim, the district court must "consider the equities of the situation" to determine if proceeding with the second action would present new, nonfrivolous arguments. *Id.* at 138. When the original federal claim is still pending and the validity of the second action may turn on claim or issue-preclusion of the first, the district court can "stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Id.* "[S]imple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138-39.

Apart from the sections of Plaintiff's complaint that allege wrongdoing of the specific individuals discussed above, *see* Dkt. No. 1 at ¶¶ 16-22, 40, Plaintiff asserts several general statements directly implicating the County. These statements, however, are mere repetitions of each general claim against the County contained in Plaintiff's pending 2012 Civil Action. *See generally Burdick v. Oswego County*, 5:12-cv-01711, Dkt. No. 35 (N.D.N.Y.). The instant complaint includes no new factual allegations against the County. Significantly, the language of the instant complaint concerning the County is nearly identical to Plaintiff's amended complaint in his 2012 Civil Action. *Compare* Dkt. No. 1 at ¶¶ 10, 13-15, 23-27, 30-31, 33-36, 38-40, *with* 5:12-cv-01711, Dkt. No. 35 at ¶¶ 11, 13-15, 24-28, 44-45, 47-50, 88-90. In light of Plaintiff's pending 2012 Civil Action, which is currently stayed, that asserts identical claims to the instant complaint, the Court grants Defendant Oswego County's motion to dismiss the repetitious claims.

14

As all Plaintiff's claims are dismissed on multiple grounds, the Court will not address Defendant Oswego County's argument for abstention under the *Younger* abstention doctrine. All Plaintiff's claims are dismissed with prejudice except to the extent that he alleges that the pending state charges violate his Sixth Amendment right to a speedy trial. The Court abstains from considering Plaintiff's Sixth Amendment claim, which is dismissed without prejudice. Such claim is properly raised by a habeas corpus petition after exhausting state court remedies. *See Allen v. Maribal,* No. 1:11-CV-2638, 2011 WL 3162675, *1 (E.D.N.Y. July 25, 2011) (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above stated reasons, the Court hereby

**ORDERS** that Defendant Oswego County's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Defendant Town of Schroeppel's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice** for all claims except the Sixth Amendment right to a speedy trial, which is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of this Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 29, 2015
Albany, New York

Mae A. D'Agostino
U.S. District Judge